UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Anthony James Soman,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 19-231 ADM/DTS

---

Samantha H. Bates, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Sarah Weinman, Assistant Federal Public Defender, Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Anthony James Soman's ("Soman") Motion for Compassionate Release or Partial Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Docket No. 65]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On March 18, 2019, Soman sold approximately 228 grams of methamphetamine to a confidential informant during a controlled buy. Presentence Investigation Report ("PSR") [Docket No. 47] ¶ 8. Later that day, law enforcement agents executed a search warrant on Soman's residence and recovered an additional 252.91 grams of methamphetamine, nearly 11,000 fentanyl pills, a digital scale, multiple cellular phones, a live 9mm ammunition round, a drug ledger, a photograph of Soman with known Latin King gang members, documents identifying Soman, and $36,229 in cash. Id. ¶ 10.

On November 13, 2019, Soman entered a plea of guilty to possession with the intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Min. Entry [Docket No. 39]; Plea Agreement [Docket No. 40].

Soman was sentenced on October 28, 2020.  Min. Entry [Docket No. 62]; Sentencing J. [Docket No. 63].  Prior to his sentencing, Soman personally wrote to the Court explaining that he was the primary caretaker for his 12-year-old daughter and that he has chronic kidney disease requiring dialysis and an eventual kidney transplant.  Def. Letter [Docket No. 61].[1]  Soman's formal sentencing memorandum also alerted the Court to Soman's family and medical circumstances.  See Def. Position Regarding Sentencing [Docket No. 52].  In addition to his kidney disease, Soman had also been diagnosed with type 2 diabetes, hyperparathyroidism, anemia, a suppressed immune system, interstitial lung disease, and hypertension.  PSR ¶ 64.

At sentencing, the Court determined that Soman's sentencing guidelines range was 120 to 135 months.  Stmt. Reasons [Docket No. 64] at 1.  The Court sentenced Soman to the mandatory minimum term of 120 months.  Sentencing J. at 2.  Soman had potentially been eligible for a 2-level "safety valve" reduction that would have eliminated the statutory minimum sentence, but he declined to complete a proffer with the government.  See PSR ¶ 20 (citing U.S.S.G. § 2D1.1(b)(18)); Mot. at 33-34.

Soman is currently incarcerated at Devens Federal Medical Center in Ayer, Massachusetts ("FMC-Devens") and has completed approximately a quarter of his sentence.  His projected release date is June 8, 2029.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last visited Nov. 8, 2022).  Soman has had no disciplinary infractions in

---

[1]  Soman received a kidney transplant at the University of Minnesota in 2014, but his body began rejecting the kidney within a few months.  PSR ¶ 64.

prison and has completed courses in drug education and financial responsibility. Def. Ex. B [Docket No. 74] at 1; Def. Ex. D at 1.[2]

Soman now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Soman, age 44, argues that his health conditions constitute extraordinary and compelling circumstances for his release. Soman's proposed release plan has been approved by the U.S. Probation Office and includes residing in St. Paul, Minnesota with his partner, a dialysis technician. Compass. Release Investig. [Docket No. 69]; Mem. Supp. Mot. at 16.

The Government concedes that Soman's medical concerns are extraordinary and compelling. Nevertheless, the Government argues the Motion should be denied because Soman still presents a danger to the community, and the sentencing factors weigh against his release.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under §3582(c)(1)(A) defines "extraordinary and compelling reasons" to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is

---

[2]  All Exhibit citations are to Defendant's Exhibits in Docket No. 74.

not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).  A catch-all provision also exists for "other reasons" that may cause a defendant's case to be extraordinary or compelling. U.S.S.G. § 1B1.13 comment n.1(D).  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).  The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Soman has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility based on his medical conditions and the pandemic, and the request was denied.  Def. Ex. E.  His Motion is therefore ripe for review.

**A. Soman's Medical Conditions and Family Circumstances**

Soman argues that his medical conditions constitute extraordinary and compelling circumstances warranting his release.  He contends that FMC-Devens monitors his laboratory and blood work less frequently than when he received care at the University of Minnesota, and that the hygiene conditions in the dialysis center are poor.[3]

---

[3] Soman also contends that he was removed from the transplant list when he entered the custody of the BOP, but provides no citation to the record for this assertion.  See Mem. Supp. Mot. [Docket No. 73] at 3, 10.  Soman argues that "many" prisons preclude prisoners from transplant consideration because of the logistical challenges to bringing prisoners to the hospital on short notice, however he does not specify whether FMC-Devens is among these prisons.  Id. at 11.

4

The Court recognizes that Soman suffers from serious medical issues. However, Soman's end stage kidney disease and other health conditions were taken into consideration at the time he was sentenced. The Court also considered the potential impact of the COVID-19 pandemic on Soman's health, as he was sentenced during the early months of the pandemic before COVID-19 vaccines had been created.

Not only were Soman's medical circumstances known and considered at the time he was sentenced, Soman's BOP medical records show that his conditions are currently well managed at FMC-Devens. Soman receives "Care Level 4," the highest level of care afforded within BOP facilities. Mem. Supp. Mot. at 4. He receives dialysis three times per week and is "doing well." Def. Ex. A at 146. Soman's conditions are also monitored through monthly laboratory draws, and his health care providers at FMC-Devens maintain communication with his transplant team at the University of Minnesota transplant center. See id. at 128, 130, 139, 146.

Soman has also received the COVID-19 vaccine, which reduces his risk of becoming severely ill or dying from COVID-19. See CDC, COVID-19: Benefits of Getting a COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited Nov. 8, 2022) ("COVID-19 vaccines available in the United States are safe and are effective at protecting people from getting seriously ill, being hospitalized, and even dying.").

---

Soman's medical records include a June 25, 2021 entry stating that his physician "will communicate [Soman's condition] to the transplant mid-level to coordinated [sic] with the transplant team," and that Soman "needs follow-up with the transplant team to hopefully get another kidney transplant." Def. Ex. A at 146. The medical records also show that Soman's care providers at FMC-Devens consult with a transplant team at the University of Minnesota's transplant center about his care. See id. at 128, 130, 139.

5

Because Soman's medical conditions and the COVID-19 pandemic were considered at the time he was sentenced and his health is being well managed at FMC-Devens, these circumstances do not justify his release.

Soman's family circumstances also do not warrant his release. Although Soman's daughter lived with him before he went to prison, she now lives with and is being cared for by her mother.

**B. Sentencing Factors**

The sentencing factors in 18 U.S.C. § 3553(a) also weigh against Soman's release. The § 3553(a) sentencing factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Soman was convicted of a serious drug trafficking offense involving large quantities of dangerous drugs. The sentence imposed was the mandatory minimum punishment required for this serious crime. Additionally, although Soman does not have a substantial past criminal history, the circumstances of this case suggest that Soman's offense was not an isolated occurrence. Along with a significant amount of fentanyl analogue pills and high purity methamphetamine, law enforcement recovered a large amount of cash, a digital scale, a drug ledger, multiple cell phones, a picture of Soman with known Latin King gang members, and a 9mm round from Soman's apartment.

For these reasons, the Court finds that releasing Soman after he has served less than a quarter of his sentence would not reflect the seriousness of his crime, provide just punishment, or adequately deter criminal conduct. Accordingly, a sentence reduction is not warranted.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Anthony James Soman's Motion for Compassionate Release [Docket No. 65] is **DENIED**.

BY THE COURT:

Dated: November 8, 2022

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT