**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY JAMES SOMAN,

Defendant.

Criminal No. 19-231 (JRT/DTS)

**ORDER ON MOTION REQUESTING RECORDS**

Kristian C.S. Weir, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Anthony James Soman, Register Number 22138-041, Federal Medical Center Devens, P.O. Box 879, Ayer, MA 01432, *pro se* Defendant.

Defendant Anthony Soman pled guilty to possession with intent to distribute methamphetamine and fentanyl in November 2019. (Plea Agreement, Nov. 13, 2019, Docket No. 40.) In October 2020, Soman was sentenced to 120 months in prison and five years of supervised release. (Sentencing J., Oct. 28, 2020, Docket No. 63.) In May 2026, Soman filed a motion, requesting that the Court provide him with transcripts from his guilty plea and sentencing. (Mot. Req. Records ("Mot."), May 19, 2026, Docket No. 84.) To the extent that Soman seeks copies of these transcripts at no cost, the Court will deny Soman's motion.

Court reporters may charge and collect fees for transcripts prepared in court and requested by the parties. *See* 28 U.S.C. § 753(f). Persons proceeding in

forma pauperis ("IFP") may receive transcripts free of charge in limited circumstances. *Id.*; *accord id.* § 1915(c). These circumstances include when the transcripts are necessary for proceedings before a magistrate judge, district court judge, or appellate court, but only when "the suit or appeal is not frivolous and . . . the transcript is needed to decide the issue presented." *Id.* § 753(f); *id*. § 1915(c). To be eligible for a waiver of transcript fees, the movant must have more than "some vague hope of discovering a flaw in the proceedings" and must have filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. §2255. *Culbert v. United States,* 325 F.2d 920, 922 (8th Cir. 1964); *see also United States v. Losing*, 601 F.2d 351, 352–53 (8th Cir. 1979) (holding that postconviction, a motion pursuant to § 2255 is required before a movant is entitled to waiver of transcript fees). If these conditions are not met, a motion to waive transcript fees is premature. *Chapman v. United States*, 55 F.3d 390, 390–91 (8th Cir. 1995).

Here, Soman has not identified any basis under which the Court could order the United States to pay for his transcripts. In Soman's request for transcripts, the box indicating an IFP request was not selected. (Tr. Req., June 22, 2026, Docket No. 85.) Nor has Soman attested that he has any motions or appeals pending—or any assertion that such a motion would be non-frivolous. *See* Mot.

Accordingly, the Court will deny Soman's Motion Requesting Records to the extent he seeks transcripts without payment of fees. If Soman wishes to receive

copies of the transcripts, he may reply to the letter sent to him by the clerk of court and shall include payment of the transcript fees.[1]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion Requesting Records (Docket No. [84]) is **DENIED**.

DATED: November 3, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

[1] "If Soman wishes to know the cost of the transcripts, he may reply to the letter sent to him by the clerk of court requesting the cost of the transcripts.